UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION § § § §  v.  § § § GOPALA KRISHNAN, ET AL. | CIVIL NO. 4:23-CV-885-SDJ |

**AGREED PRELIMINARY INJUNCTION AND ORDER EXTENDING ASSET FREEZE AND OTHER ANCILLARY RELIEF AS TO DEFENDANTS**

This matter came before the Court upon the Plaintiff Securities and Exchange Commission's ("SEC") Emergency *Ex Parte* Motion for a Temporary Restraining Order, Preliminary Injunction, Asset Freeze and Other Ancillary Emergency Relief ("TRO Application").

On October 10, 2023, the Court held an *ex parte* hearing and granted the TRO Application in part. (Dkt. No. 16). Thereafter, the Court extended the TRO with Defendants' consent until Wednesday, December 6, 2023. (Dkt. Nos. 28 & 46)

The Court scheduled an evidentiary hearing on November 30, 2023, to show cause, if there be any, why this Court should not enter a preliminary injunction and extending the asset freeze and other relief granted in this Order until a final adjudication on the merits may be had. The parties reached an agreement as to the relief set forth herein at the beginning of the hearing.

Without admitting the allegations made in the SEC's Complaint and TRO Application, Defendants have agreed that this Court has jurisdiction over them and over the subject matter of this action and have agreed to waive an evidentiary hearing

1

and the entry of findings of fact and conclusions of law. The Defendants also agree to the preliminary injunctive relief set forth in this Order.

The Court, having considered the SEC's motion and supporting evidence, the parties' agreement, and all premises, **GRANTS** the motion.

**IT IS THEREFORE ORDERED:**

## I.

## Preliminary Injunction

During the pendency of this case, Defendants are restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

During the pendency of this case, Defendants are further restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the

offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

During the pendency of this case, Defendants Gopala Krishnan, Manivannan Shanmugam, Sakthivel Palani Gounder, and Nanban Ventures LLC are further restrained and enjoined from violating Sections 206(1) and (2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and (2)], by using the mails or any means or instrumentality of interstate commerce, while acting as investment advisers within the meaning of Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b-2(a)(11)], directly or indirectly:

    (a)    to employ a device, scheme, or artifice to defraud a client or prospective client; or

    (b)    to engage in a transaction, practice, or course of business which operated as a fraud or deceit upon a client or prospective client.

During the pendency of this case, Defendants Gopala Krishnan, Manivannan Shanmugam, Sakthivel Palani Gounder, and Nanban Ventures LLC are further restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C.

§§ 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8], by using the mails or any means or instrumentality of interstate commerce, while acting as investment advisers within the meaning of Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b-2(a)(11)], directly or indirectly, to engage in an act, practice, or course of business that was fraudulent, deceptive, or manipulative.

During the pendency of this case, Defendants Gopala Krishnan, Manivannan Shanmugam, Sakthivel Palani Gounder, and Nanban Ventures LLC are further restrained and enjoined from violating Section 206(3) of the Advisers Act [15 U.S.C. §§ 80b-6(3)], by using the mails or any means or instrumentality of interstate commerce, while acting as investment advisers within the meaning of Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b-2(a)(11)], directly or indirectly, to act as principal for its/his own account, knowingly to sell securities to or purchase securities from clients—or knowingly to effect sales or purchases of securities for the account(s) of such client, without disclosing to such clients in writing before the completion of such transactions the capacities in which they were acting and obtaining the consent of the clients to such transactions.

During the pendency of this case, Defendants are further restrained and enjoined from participating in the issuance, purchase, offer, or sale of any security, whether directly or indirectly, including, but not limited to, through any entity owned or controlled by them, provided, however, that such injunctions shall not prevent each of Defendants Gopala Krishnan, Manivannan Shanmugam, and Sakthivel Palani Gounder, from purchasing or selling securities for his own personal accounts.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs of this Section I also bind the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendants or with anyone described in (a).

## II.

## Asset Freeze Order

During the pendency of this case, Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds, incurring any additional liability (including, specifically, by advances on any line of credit and any charges on any credit card), or effecting any sale, gift, hypothecation or other disposition of any assets, securities, investments, real property, digital assets, digital currencies, cryptocurrencies, or any other tangible or intangible assets pending provision of sufficient proof to the Court of sufficient funds or assets to satisfy all claims alleged in the SEC's Complaint, or the posting of a bond or surety sufficient to assure payment of any such claim.

Any bank, trust company, broker-dealer, depository institution, third-party payment processor, title company, coin exchange, or any other holder or custodian of any digital assets, digital currencies, cryptocurrencies, or other depository institution holding accounts for or on behalf of any of the Defendants shall make no transactions

5

in in funds, assets, securities, investments, real property, digital assets, digital currencies, cryptocurrencies, or any other tangible or intangible assets (except liquidating transactions necessary to comply with a court order or to avoid wasting assets) and shall make no disbursements of funds, assets, securities, investments, real property, digital currencies, cryptocurrencies, or any other tangible or intangible assets (including extensions of credit or advances on existing lines of credit), including the honor of any negotiable instrument (including specifically, any check, draft, or cashier's check) purchased by or for Defendants pending further order of this Court.

The SEC may cause a copy of this Order to be served on any bank, trust company, broker-dealer, depository institution, third-party payment processor, title company, coin exchange, or any other holder or custodian of any digital assets, digital currencies, cryptocurrencies, or on any entity or individual either by United States mail, email, or facsimile as if such service were personal service, to restrain and enjoin any such institution, entity, or individual from disbursing assets, directly or indirectly, to or on behalf of Defendants or any companies or persons or entities under their control.

All banks, savings and loan associations, savings banks, trust companies, broker dealers, commodities dealers, investment companies, other financial or depository institutions and investment companies, third-party payment processors, title companies, coin exchanges, any other holder or custodian of any digital assets, digital currencies, cryptocurrencies, individuals, corporations, partnerships, limited liability companies, or other artificial entities that holds or has held, controls or has

6

controlled, or maintains or has maintained custody of any of Defendants' funds, securities, or other property at any time since December 31, 2020 shall:

    A.    Prohibit Defendants and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of Defendants' assets, except as directed by further Order of the Court;

    B.    Deny Defendants and all other persons access to any safe deposit box that is: (i) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly; or (ii) otherwise subject to access by Defendants;

Notwithstanding the foregoing, Defendants are not waiving their right to seek modification of the scope or duration of the asset freeze, and Defendants anticipate filing a motion to modify the asset freeze soon after the entry of this Order.

## III.

## Document Preservation Order

During the pendency of this case, except as otherwise ordered by this Court, each of the Defendants be and hereby are restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually,

mechanically, electronically, or otherwise), and any accounts, account passwords, computer passwords, device PINs and passwords, cryptographic keys, or digital wallets, pertaining in any manner to Defendants.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## IV.

## Retention of Jurisdiction

This Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**So ORDERED and SIGNED this 30th day of November, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE