UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, §<br>§<br>Plaintiff, §<br>§<br>V. §<br>§<br>**GOPALA KRISHNAN, MANIVANNAN SHANMUGAM, SAKTHIVEL PALANI GOUNDER, NANBAN VENTURES LLC,** §<br>§<br>**GSM ETERNAL LLC (A/K/A NORTHSTARS FINTECH), HIMALAYAN FINTECH LLC, AND CENTUM FINTECH LLC (A/K/A SUNSHINES FINTECH)**, §<br>§<br>Defendants. § | C.A. NO.: 4:23-cv-00885-SDJ<br><br>**REQUEST FOR EXPEDITED RELIEF** |

**DEFENDANTS' EMERGENCY OPPOSED
MOTION FOR EXPEDITED RESPONSE PERIOD**

Pursuant to Local Rule CV-7(e) and (l), Defendants Gopala Krishnan, Manivannan Shanmugam, Sakthivel Palani Gounder, Nanban Ventures LLC, GSM Eternal LLC (k/a/a Northstar Fintech), Himalayan Fintech LLC, and Centrum Fintech LLC (a/k/a Sunshines Fintech ("Defendants") respectfully file this Motion for Expedited Response Period and Reply Period for the Emergency Motion to Dissolve or, Alternatively, Motion to Modify Court Asset Freeze Order. [Doc 61]. In support of this motion, the Defendants respectfully state the following:

**Defendants' Emergency Opposed Motion for
Expedited Response Period – Page 1**

## BACKGROUND

1. On November 30, 2023, Defendants announced that, as a business decision, they had determined to forego a lengthy hearing on the Plaintiff's Motion for a Preliminary Temporary Injunction hearing and instead turned their attention on the commercially and personally debilitating *ex parte* total asset freeze previously obtained by the SEC.

2. Defendants then made clear—to both the Plaintiff and the Court—that during the ensuing in-person discussion with the Court and the Plaintiff, Defendants planned to seek emergency, or expedited briefing, of the forthcoming motion to Dissolve or Modify the Asset Freeze. The Parties and the Court contemplated during that discussion that the asset freeze would be briefed and heard on an expedited basis. The Court instructed the Parties to schedule the expedited briefing schedule after Defendants filed the related motion so that some sort of expedited briefing schedule could be worked out.

3. Immediately thereafter, Defendants met and conferred with the Plaintiff to explain the basis for its forthcoming motion—specifically that the Court should dissolve the asset freeze because the fair market value of Defendants' real estate holding alone amounted to more than the damages alleged in the Complaint. However, during that same discussion, the SEC stated that the Defendants needed to provide not only merely the fair market value of the its real property,  (as appears to be typical  in other cases discussing asset freezes), but also wanted proof of the "take-out" or "equity" value of each piece of real property.

4. Despite the fact that (a) the SEC's demand for "take away" value is unsupported in the law; and (b) the SEC has much of this information in its possession, in an effort to work with the SEC towards a potential resolution, Defendants' Counsel thereafter

**Defendants' Emergency Opposed Motion for**
**Expedited Response Period – Page  2**

spent *significant* time compiling documents to clearly and completely detail the Business Defendants' entire network of assets in a "take away" valuation. In addition, Defendants prepared Declarations and explanation to sufficiently assure the SEC (and the Court) that the Defendants had more than enough assets to provide "sufficient proof funds or assets to satisfy all claims alleged in the SEC's Complaint." [Doc. 16, paragraph 17]. And, although the SEC could have (and indeed, should have) undertaken this effort before asking for an *ex parte* asset freeze, it did not. Defendants and Counsel worked nights, weekends, and through the Christmas and New Years' Day holidays to compile documents from banks, third parties, and public records (a majority of which the SEC would certainly have had access to during the course of the SEC's two year investigation) to satisfy the SEC's additional request.

5. It has taken such a lengthy period of time to compile the additional evidence requested by the SEC in the belief that the SEC would review the evidence and make a logical decision to save the properties endangered by the asset freeze. The real property has a "take out" equity fair value of $133,022,622.91, and a total fair market value of $263,863,317.17. The Business Defendants and the Individual Defendants are now in a situation wherein they have three months of unpaid commercial and personal mortgage payments/obligations and missed other necessary payments. There is a real threat of commercial foreclosure, among other dire financial needs, that has forced Defendants seek the requested relief. .

6. On January 12, 2024, Defendants shared with the SEC not only its draft *Emergency Motion to Dissolve or, Alternatively, Motion to Modify Court Asset Freeze Order*, but also **all of the documentation** and analysis supported the actual valuation. By this extensive disclosure, Defendants hoped to demonstrate the true value of their assets and

**Defendants' Emergency Opposed Motion for**
**Expedited Response Period – Page 3**

convince the SEC to withdraw its draconian request for a complete asset freeze. Defendants then delayed filing the Motion based on the SEC's request to have time to review the documents, with the sincere belief that the SEC would review the vast assets and understand the danger that the asset freeze has caused for the investor funds that the SEC claims to be "protecting."

7. Unfortunately, the SEC was ultimately unwilling or unable to agree to any material proposal or compromise to unfreeze substantial assets.

8. Accordingly, on January 23, 2024, the Defendants filed their *Emergency Motion to Dissolve or, Alternatively, Motion to Modify Court Asset Freeze Order* [Doc 61] and Appendix in support of same [Doc 62 and 63] based on the SEC's incorrect representation to this Court that the Defendants have no assets (when in direct contradiction to the SEC's representations, the Defendants are able to establish they have over $205 million in equity in all of the business assets).

9. Now, somewhat unexpectedly, the SEC is unwilling to agree to an expedited briefing schedule, despite being aware of pending foreclosure issues and prior discussions regarding expedited briefing, thus necessitating this motion.

10. Further, Defense Counsel is set for a 10-14 day trial in Harris County, Texas, on February 19, 2024. The case has already been called to trial, as it is first on that Court's Docket. So, it is imperative that any briefing and, to the extent the Court deems it necessary, hearing be scheduled/completed as soon as possible so that the investor assets are safeguarded.

## Arguments and Authorities

1. The Local Rules for the Eastern District of Texas, specifically Local Rule

CV-7(e), provide that "[a]ny party may separately move for an order of this court lengthening or shortening the response period."

**Defendants' Emergency Opposed Motion for
Expedited Response Period – Page  5**

2. Local Rule CV-7(l) provides for emergency relief when action is needed to avoid imminent, irreparable harm.

3. Pursuant to CV-7(l), Counsel is filing this Motion to advise the Court that ensure that the Court is aware that proceeding under the regular ordinary timeframe set forth in the Rules (14- days for the SEC to respond and 7-days for Defendants to reply) will be inadequate and cause Defendants undue prejudice.  There is a real and imminent threat of another month of missed mortgages (for properties on some of which foreclosure has already been posted) and other unpaid other financial obligations.

4. Specifically, abiding by the typical response and reply times as stated in Local Rules CV-7€ and (f) would mean that the Defendants would miss their February mortgage payments, would miss paying their property taxes, would enter their fourth (4) month of not being able to pay credit cards, utilities, car payments, key employee salaries (such as their accountant who is helping to compile all the information required for the Court), office rent, fund administrator (which means that the company cannot issue K1s, making all investors unable to pay *their* federal taxes), etc.

5. Accordingly, For the foregoing reasons, Defendants respectfully request that the Court allow the Defendants and the Plaintiff to contact the Court Clerk and set an expedited briefing and hearing schedule, as originally previously discussed, in order to try to receive a ruling as quickly as possible on the issue of the asset freeze. Importantly, as noted above, Plaintiff received a copy of Defendants' *Motion to Dissolve or, Alternatively, Modify the Asset Freeze* on January 12, 2024—giving the Staff twelve days to review and analyze *before* Defendants filed the Motion and the Plaintiff's response clock began to run.  At a

**Defendants' Emergency Opposed Motion for**
**Expedited Response Period – Page  6**

minimum, the Defendants respectfully request that the Court take into account that the Plaintiff has already had twelve (12) days to review and formulate a response to the Motion to Dissolve or, Alternatively, Modify the Asset Freeze when determining an expedited schedule.

**WHEREFORE**, Defendants respectfully requests that the Court grant this motion, set an expedited briefing schedule for the *Motion to Dissolve or, Alternatively Modify the Court's Asset Freeze Order*, and grant Defendants such other and further relief to which they may be entitled.

Respectfully submitted,

*/s/ Leslye E. Moseley*
David R. Clouston, Texas Bar No. 00787253
Leslye E. Moseley, Texas Bar No. 24044557
**Sessions Israel & Shartle, LLC**
900 Jackson Street, Suite 440
Dallas, Texas 75202
Telephone:   214-741-3001
Facsimile: 214-741-3055
dclouston@sessions.legal
lmoseley@sessions.legal

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been sent via ECF on this 24nd day of January, 2024 to the following counsel of record:

Keefe Bernstein
Jason P. Reinsch
Samantha Martin
Clemon Ashley
Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
bernsteink@sec.gov
reinschj@sec.gov
martins@sec.gov
ashleyc@sec.gov

Counsel for Plaintiff, Securities and Exchange Commission

*/s/ Leslye E. Moseley*
Leslye E. Moseley

**CERTIFICATE OF CONFERENCE**

I hereby certify that on January 23, 2024, directly after filing the Motion to Dissolve or, Alternatively, Modify the Court's Asset Freeze Order, I contacted counsel for Plaintiff, SEC to discuss an expedited briefing schedule as was originally contemplated in open court. Plaintiff is opposed to any sort of expedited briefing schedule.

*/s/ Leslye E. Moseley*
Leslye E. Moseley

**Defendants' Emergency Opposed Motion for
Expedited Response Period – Page 8**