UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

SECURITIES AND EXCHANGE       §
COMMISSION                    §
                              §
v.                            §    CIVIL NO. 4:23-CV-885-SDJ
                              §
GOPALA KRISHNAN, ET AL.       §

## MEMORANDUM OPINION AND ORDER

Before the Court is the Receiver's Amended Motion for Approval of Retention of Professionals. (Dkt. #115). For the following reasons, the motion is granted.

## I.

The SEC brought this securities fraud civil enforcement action under seal, (Dkt. #1), and promptly filed an Emergency *Ex Parte* Motion for Temporary Restraining Order, Preliminary Injunction, Asset Freeze, and Other Ancillary Emergency Relief, (Dkt. #4). After conducting an *ex parte* hearing, the Court granted the SEC's motion in part and issued a Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Granting Expedited Discovery; (4) Requiring Sworn Accountings; (5) Permitting Alternative Means of Service, and (6) Setting Hearing Date on Plaintiff's Motion for Preliminary Injunction  ("TRO"). (Dkt. #16).

The Court subsequently held a hearing on the SEC's motion for a preliminary injunction. However, instead of presenting argument or evidence, the parties informed the Court that they had reached an agreement regarding entry of an injunction. That same day, the Court entered the parties' Agreed Preliminary

1

Injunction and Order Extending Asset Freeze and Other Ancillary Relief as to Defendants ("Agreed Preliminary Injunction"), wherein Defendants agreed to a number of injunctive provisions and an asset freeze, although they specifically did not admit any "allegations made in the SEC's Complaint and TRO Application." (Dkt. #49).

Upon the SEC's motion, the Court then appointed a receiver "for the purposes of marshaling and preserving all [relevant] assets of Defendants." (Dkt. #91 at 10). The Court granted the Receiver "all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, managers, and general and limited partners of the Receivership Defendants." (Dkt. #91 at 11). The Court enumerated the Receiver's powers and duties, which include the following:

> To use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Defendants, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights, and other assets, together with all rents, profits, dividends, interest, or other income attributable thereto . . .;
>
> To take custody, control, and possession of all Receivership Property and records relevant thereto from the Receivership Defendants . . .;
>
> To manage, control, operate, and maintain the Receivership Estates and hold in his possession, custody, and control all Receivership Property . . .; [and]
>
> To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, or auctioneers[.]

(Dkt. #91 at 12–13); *see also* (Dkt. #91 at 29) ("[T]he Receiver is authorized to solicit persons and entities ('Retained Personnel') to assist him in carrying out the

duties and responsibilities described in this Order. The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.").

The TRO, (Dkt. #16), Agreed Preliminary Injunction, (Dkt. #49), Omnibus Order—including the Receivership Order, (Dkt. #91), and the Order on Receivership Defendants' Motion for Relief from Paragraphs 9, 10, and 11 of the Omnibus Order, (Dkt. #112), are currently on appeal at the Fifth Circuit. (Dkt. #117). Defendants have not moved to stay the receivership.

Pursuant to the Receivership Order, the Receiver requests authorization to appoint the following entities: (1) CliftonLarsonAllen LLP, an accounting firm; (2) Weaver & Tidwell, L.L.P., a financial services and accounting firm with expertise in forensic accounting and financial investigative services; (3) Elite Discovery, an eDiscovery and managed services support company specializing in collection and forensic preservation of digital data and data management; and (4) Gray Reed Advisory, a professional advisory firm that provides support services. (Dkt. #115). Defendants oppose the Receiver's motion, contending that the Court lacks jurisdiction to permit the Receiver to hire professionals while the Receivership Order is on appeal. (Dkt. #134). Defendants also argue that the burdens and expenses of hiring these professionals outweigh the benefit to the estate. (Dkt. #120).

## II.

An appeal "divests the district court of jurisdiction 'over those aspects of the case on appeal.'" *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 532–33 (5th Cir.

3

2024). Accordingly, district courts are without jurisdiction to "alter the status of the case as it rests before the Court of Appeals," and they may not take any action that would "essentially nullify the appeal and render [the Court of Appeals] unable to grant relief." *Id.* at 533, 536 (cleaned up).

Here, the Receiver's motion does not present these concerns. Permitting the Receiver to retain professionals would not change any aspect of the case on appeal, nor would it nullify the appeal or frustrate the Fifth Circuit's ability to grant relief. Instead, granting the requested relief would merely allow the Receiver to fulfill his continuing obligations pursuant to the Court's order—which, even on appeal, is still fully enforceable. As Defendants acknowledge, "[t]he Receiver has the authority granted under [the Receivership Order] until it is stayed pending appeal by this Court or the Fifth Circuit or reversed." (Dkt. #134 at 3). As the order has not been stayed, nor reversed, it is clear that the Receiver retains his authority.[1]

Defendants nonetheless argue that the Court lacks jurisdiction because the Receiver's motion "seek[s] greater receiver powers than the Receiver has currently been given by the order under appeal. It is asking the Court to enlarge the authority

---

[1] As Defendants acknowledge, the "mere filing of a notice of appeal [does not] operate[] as an automatic stay of the receivership order." (Dkt. #134 at 2). The Fifth Circuit's discussion in *SEC v. Barton,* 79 F.4th 573 (5th Cir. 2023), regarding the procedure for staying a receivership pending appeal supports that conclusion. In *Barton*, the defendant moved the Fifth Circuit for a partial stay of certain receivership activities pending appeal—after his previous motions to stay pending appeal were denied by the district court. *Id.* at 581. The Fifth Circuit explained that the motion complied with Federal Rule of Appellate Procedure 8—even though it was not first presented to the district court—since it was "clear . . . that the district court would have denied this motion." *Id.* Notably, the Fifth Circuit never stated—or even hinted—that the receivership was automatically stayed once the appeal was filed. If it were, then it would have been unnecessary for the defendant to move for a stay.

of the Receiver, when the existence and proper scope of the Receiver's authority is being challenged by a pending appeal." (Dkt. #134 at 2). Not so. The Receiver is not seeking to expand his authority—only to exercise it. The Receivership Order expressly authorizes the Receiver to retain professionals, subject to the Court's approval. That is precisely what he is attempting to do here, and he has followed the proper steps for seeking approval. The Court thus finds that it has jurisdiction to consider the Receiver's motion—and, more broadly, to provide the Receiver with the tools he needs to comply with the Court's order appointing him. Therefore, the Court will consider the merits of the motion.

### III.

As explained herein, *see supra* Part I, the Receivership Order expressly authorizes the Receiver to "engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities, . . . including . . . accountants . . ., financial or business advisers . . ., [or] forensic experts." (Dkt. #91 at 13); *see also* (Dkt. #91 at 29) ("[T]he Receiver is authorized to solicit persons and entities ('Retained Personnel') to assist him in carrying out the duties and responsibilities described in this Order."). The four entities the Receiver seeks to retain are clearly the types of entities that the order authorizes the Receiver to hire as "Retained Personnel." The Receiver contends that these professionals are "necessary for the efficient administration of the receivership estate and essential to the performance of his duties." (Dkt. #122 at 2). The Court agrees. And, contrary to Defendants' arguments, the retention of these professionals will enable the Receiver to comply

with his court-ordered obligations—not extend his powers. Indeed, the Receiver has shown that he will be unable to fulfill his charged duties without these professionals. Therefore, the Court authorizes the Receiver to retain the proposed professionals.

## IV.

For the foregoing reasons, it is **ORDERED** that the Receiver's Amended Motion for Approval of Retention of Professionals, (Dkt. #115), is **GRANTED**. The Receiver is hereby authorized to retain the services of (1) CliftonLarsonAllen LLP, (2) Weaver & Tidwell, L.L.P., (3) Elite Discovery, and (4) Gray Reed Advisory, for the purposes identified in the motion.

It is further **ORDERED** that the Receiver's initial Motion for Approval of Retention of Professionals, (Dkt. #113), is **DENIED as moot**.

It is further **ORDERED** that Defendants' Unopposed Motion for Extension of Time to File Response to Receiver's Amended Motion for Approval of Retention of Professionals, (Dkt. #119), is **GRANTED**. Defendants' Response, (Dkt. #120), is deemed properly filed.

**So ORDERED and SIGNED this 20th day of June, 2024.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE