UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| v. | § § § § | CIVIL NO. 4:23-CV-885-SDJ |
| GOPALA KRISHNAN, ET AL. | | |

# ORDER

Before the Court is Defendants Gopala Krishnan, Manivannan Shanmugam, and Sakthivel Palani Gounder's Emergency Motion for Stay of Third-Party Litigation and Expedited Briefing, (Dkt. #145), wherein Defendants request, inter alia, that the Court stay the impending sale of real property located in or near Jarrell, Texas (the "Jarrell Property").[1] The mortgagee—Alliance Bank Central Texas ("Alliance")—responded in opposition to the motion, arguing that Defendants do not have standing to contest the foreclosure because no Defendant has a "direct ownership interest" in the Jarrell Property, nor is any Defendant a "grantor[] on the Deed of Trust." (Dkt. #148 at 6). Both the SEC and the Receiver are unopposed to a limited stay of the foreclosure. (Dkt. #149, #151).

The Court's Asset Freeze Order prohibits banks and other institutions that hold Defendants' assets from selling those assets without Court approval. (Dkt. #49 at 5–7); see (Dkt. #49 at 5–6) (prohibiting "[a]ny bank" from making a "transaction[] in . . . real property" and from making any "disbursement[] of . . . real property . . .

---

[1] This property is more fully described in the Notice of Foreclosure Sale attached to Defendants' motion. (Dkt. #145-1 at 8).

1

purchased by or for Defendants pending further order of this Court."); (Dkt. #49 at 6) ("The SEC may cause a copy of this Order to be served on any bank . . . to restrain and enjoin any such institution . . . from disbursing assets, directly or indirectly, to or on behalf of Defendants or any companies or persons or entities under their control.").[2] Based on the evidence presented,[3] it appears that Defendants have an interest in the Jarrell Property such that foreclosure should be stayed pursuant to the Asset Freeze Order. However, the Court will limit the stay to 30 days, as the Court believes that 30 days is sufficient time for the Receiver to investigate Defendants' interests in the Jarrell Property but not overly long such that Alliance will be unduly harmed.

It is therefore **ORDERED** that the motion is **GRANTED in part**. The motion is granted with respect to Defendants' request to stay foreclosure actions involving the Jarrell Property for a limited period of time.

It is further **ORDERED** that foreclosure actions involving the Jarrell Property are hereby stayed for 30 days.

The SEC and the Receiver are opposed to Defendants' request to stay all third-

---

[2] According to Alliance, the SEC provided Alliance the Asset Freeze Order on June 19, 2024. (Dkt. #148 at 5).

[3] According to the Declaration of Defendant Manivannan Shanmugam, the Jarrell Property is owned by 221 Granger Road, L.L.C. ("Granger"). Granger is co-managed by Nanban Chola Land Holdings L.L.C. ("Nanban"), which in turn is wholly owned by HPV Family LLC. (Dkt. #145-1 ¶ 4). HPV Family LLC is owned by Defendants Gopala Krishnan, Sakthivel Gounder, and Shanmugam, albeit through undefined memberships in various limited liability companies. (Dkt. #145-1 ¶ 4). Further, according to Shanmugam, Nanban "presently has between a 60% and 70% profit interest in distributions from any sale over $20M" of the Jarrell Property. (Dkt. #145-1 ¶ 4).

party litigation, including an involuntary bankruptcy in the Western District of Texas (the "HPV Family Bankruptcy"), (Dkt. #149, #151), and this portion of the motion remains under consideration.

**So ORDERED and SIGNED this 1st day of July, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE