IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>*Plaintiff*<br><br>v.<br><br>GOPALA KRISHNAN et. al.<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   Civil Action No.: 4:23-CV-885-SDJ |

**NON-PARTY GAURANGA PLATINUM RANCH LLC'S UNOPPOSED MOTION TO ALLOW SALE TO PROCEED OR ALTERNATIVELY TO LIFT THE ASSET FREEZE TO ALLOW THE SALE OF THE GAURANGA PLATINUM RANCH PROPERTY**

Pursuant to Federal Rule of Civil Procedure 24(a), non-party Gauranga Platinum Ranch LLC ("GPR LLC" or "Movant"), through its undersigned counsel, seeks to intervene for the limited purpose of protecting its real and personal property interests in 862 acres of undeveloped land in Grayson County (the "GPR Property"), and obtaining an order allowing the sale to proceed, or alternatively to lift the asset freeze in order to allow GPR LLC to proceed with a sale of the GPR Property.[1]

The parties to this action do not oppose the motion to the extent it authorizes the sale of the property at issue, so long as all proceeds of the sale remain in an escrow account under this Court's jurisdiction and subject to this Court's further direction as to the proceeds' use. The proposed order attached to this motion so provides.

---

[1] This is not a sale undertaken pursuant to 28 U.S.C. §2001 or §2004 because the GPR Property is not in the possession of the Receiver.

I.      **INTRODUCTION**

The property that is the subject of this Motion is owned by GPR LLC, a non-party entity that is not owned or controlled by any of the Defendants. GPR LLC is managed by (i) an individual named Sanjay Singhania; (ii) an individual named Saikumar Shankaiagari, and (iii) a company called Nanban Realty MGR LLC whose members are Shivesh Gowda, Suresh Batchu, and Prasanna Kumar.

Nanban Realty MGR LLC is not a Defendant. This Motion is being presented to the Court because Defendants assert entitlement to funds payable to Nanban Realty MGR LLC arising out of the sale of the GPR Property.

According to Nanban Realty MGR LLC's initial formation documents, Defendants Manivannan Shanmugan (through Preeti Mani LLC), Gopala Krishnan (through HKGK, LLC), and Sakthivel Palani Gounder (through Visa Vel, LLC) were the original managers of the entity. Defendants testified that they ceased being managers or members of the entity shortly after it was formed. The managers of Nanban Realty MGR LLC are Shivesh Gowda, Suresh Batchu, and Prasanna Kumar. Defendants do not have any ownership or control over Nanban Realty MGR, LLC; however, funds supplied by Defendants were invested into the GPR Property. Other funds supplied by unrelated third parties were also invested into the GPR Property.

The sale is being pursued to protect the substantial equity in the Property, to maximize the Receivership Estate, and to ensure that the over twenty individuals (not associated with Defendants) who contributed to the purchase of the Property can receive a return on their investment.

The GPR Property is under contract to be sold to Celina Seven Springs 50, LP for $72 million. The proceeds of the sale will be used to pay the outstanding loan on the GPR Property held by UBANK, in the amount of approximately $21,464,800, plus closing and broker fees.

Pursuant to the agreement of the parties, the remainder of the proceeds will be held in an escrow account pending further instruction from the Court.

This motion is being filed concurrently with another motion that seeks the same relief with respect to another property for which Mr. Singhania, Mr. Shankaiagari, and Nanban Realty MGR LLC serve as managers – the Kalachandji's Ranch Property. Both properties were acquired in 2021 and have been marketed for sale over the last several months.

## II.    BACKGROUND

### A.    The Acquisition of the GPR Property

GPR LLC was formed on February 10, 2021. (Exh. A, Declaration of Sanjay Singhania ("Singhania Dec.") at ¶3, Exh. A-1, A-2, Certificate of Formation and Limited Liability Company Agreement). Pursuant to the GPR LLC Company Agreement, the members are Goloka Dham at Gunter LLC, Sansai Platinum Ranch LLC, Kanap Investors LLC, Lone Star Investments JV, and Ashrita LLC (the "Initial GPR Members"). After Mr. Singhania facilitated these investments, Nanban Realty MGR LLC sought to participate in GPR LLC and also signed the Subscription Agreement. (*Id*. at ¶4, Exh. A-3). The Initial GPR Members and Nanban Realty MGR LLC are referred to herein as the "GPR Members". (*Id*. at ¶7, Exh. A-2). As to Nanban Realty MGR LLC, its sole member is Orion RE Capital LLC and its managers are Shivesh Gowda, Suresh Batchu, and Prasanna Kumar. (*Id*. at ¶8, Exh. A-7). GPR LLC issued a Subscription Agreement pursuant to which members contributed initial capital amounts. GPR LLC obtained a mortgage from UBank to finance the acquisition of the GPR Property. (*Id*. at ¶4).

GPR LLC is managed by Gauranga Platinum Ranch Manager LLC ("GPR Manager LLC") which was formed March 10, 2021. (Singhania Dec. at ¶5, Exhs. A-4, A-5). The members and managers of GPR Manager are Sanjay Singhania, Saikumar Shankaiagari and Nanban Realty MGR LLC (the "GPR Managers.") (*Id*. at ¶5, Exh. A-5 at 1, 12). Under the Amended and Restated

Company Agreement of GPR Manager, all decisions regarding the GPR Property shall be made by a unanimous vote of all managers. (*Id*. at ¶6, Exh. A-5, at 6). If the GPR Managers are not unanimous, then a decision of the members of GPR LLC holding at least a 54% interest controls.[2] (Id. at ¶6, Exh. A-6, at 2).

Sanjay Singhania identified the GPR Property as a promising investment and facilitated the acquisition. (Singhania Dec. at ¶3). The GPR Property constitutes 862 acres in Grayson County near the north tollway expansion route, close to the border with Collin County. (*Id*.) Title to the GPR Property is held by GPR LLC, as grantee recorded on April 30, 2021 at instrument 14214 in the deed records of Grayson County, Texas. The GPR Property has increased in value since its purchase and there is substantial equity in it. There are over 20 different individuals and entities who have invested in the GPR Property (not including Nanban Realty MGR LLC).

**B.     To the Extent the Asset Freeze Applies to the GPR Property, Movant Requests that the Court Lift the Asset Freeze to Allow the Sale of the GPR Property**

        1.     <u>GPR LLC is Not a Receivership Defendant and Funds Used to Purchase the GPR Property came from a Variety of Sources</u>

The SEC filed its Complaint under seal, (Dkt. #1), and filed an Emergency *Ex Parte* Motion for Temporary Restraining Order, Preliminary Injunction, Asset Freeze, and Other Ancillary Emergency Relief (Dkt. #4). On October 11, 2023, after conducting an *ex parte* hearing, the Court granted the SEC's motion in part and issued a Temporary Restraining Order, Asset Freeze Order, Document Preservation Order, and orders mandating a Sworn Accounting and Expedited Discovery. (Dkt. #16). On November 30, 2023, the Court entered the Agreed Preliminary Injunction and Order

---

[2] Based on total capital contributions pre and post closing, the LP equity ownership held by the Initial Members is 58.99% and the LP equity ownership held by Nanban Realty MGR LLC is 41.01%. The break-down of equity ownership for the Initial Members is Goloka Dham at Gunter LLC (8.28%), Sansai Platinum Ranch LLC (16.04%), Kanap Investors LLC (5.17%), Lone Star Investments JV (26.90%), and Ashrita LLC (2.58%).

Extending Asset Freeze and Other Ancillary Relief as to Defendants, wherein Defendants agreed to a number of enjoining provisions and an asset freeze. (Dkt. #49) ("Asset Freeze Order").  The Asset Freeze Order states that any title company "holding accounts for or on behalf of any of the Defendants shall make no transactions" in real property "pending further order of the Court." (*Id*. at 5-6).  The GPR Property was not referenced in the Asset Freeze Order.

On March 7, 2024, the Court entered the Order on Plaintiff's Motion for Appointment of Receiver. (Dkt. #91) ("Order Appointing Receiver").  The Order Appointing Receiver clarified the asset freeze and defined the Receiver's powers to marshal and preserve the Receivership Assets:

"*All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of the Receivership Defendants that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:*

A.    *Not liquidate, transfer, sell, convey, or otherwise* transfer *any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants except upon instructions from the Receiver*…" (*Id*. at 17).

The definition of "Receivership Defendants" is: "Nanban Ventures LLC, GSM Eternal LLC aka NorthStars FinTech, Himalayan FinTech LLC, and Centum FinTech LLC aka Sunshines FinTech." (*Id*. at 10).  The Court took "exclusive jurisdiction and possession" of "the assets, of whatever kind and wherever situated, *of these*" named defendants and the Receiver was appointed for the purpose of marshaling and preserving only these assets. (*Id.*) (emphasis added).

In its First Quarterly Report of April 30, 2024, the Receiver stated with respect to GPR LLC that "it is not a Receivership Defendant." (Dkt. #118, at footnote 6).

2. <u>The Defendants Do Not Have Ownership or Control of GPR LLC</u>

The provisions of the GPR LLC Company Agreement and the GPR Manager LLC Company Agreement demonstrate that the Defendants do not have ownership or control rights with respect to the GPR Property. Courts interpret unambiguous contracts by enforcing the plain language as written. *Horn v. State Farm Lloyds*, 703 F.3d 735, 738 (5th Cir. 2012). Even where the parties' expectations differ from the terms of the written agreement, the contract language controls. "Under Texas law, 'the parties' intent is governed by what they said, not by what they intended to say but did not.'" *Id.* (quoting *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 747 (Tex. 2006)); *Giant Eagle Inc. v. Excentus Corp.*, No. 3:14-CV-1195-B, 2014 WL 12531173, at *4 (N.D. Tex. Aug. 2, 2014) ("The Court looks to the objective intent of the parties as it is expressed in the contract, and not the parties' 'after-the-fact conduct.'") (quoting *In re Dillard Dep't Stores, Inc.*, 186 S.W.3d 514, 515 (Tex. 2006)). Under the GPR Manager Agreement, the appointed managers Sanjay Singhania, Saikumar Shankaiagari and Nanban Realty MGR LLC make decisions with respect to the GPR Property. The First Amended and Restated Operating Agreement of Nanban Realty MGR LLC does not give any governance or other rights to any of the Defendants. (Exh. A-7).

3. <u>The Defendants Were Previously Involved in, and have had Business Dealings with, Nanban Realty MGR LLC</u>

According to Nanban Realty MGR LLC's Certificate of Formation filed January 4, 2021, Defendants Manivannan Shanmugan (through Preeti Mani LLC), Gopala Krishnan (through HKGK, LLC), and Sakthivel Palani Gounder (through Visa Vel, LLC) were the original managers of Nanban Realty MGR LLC. (Exh. A-15) According to the First Amended and Restated Operating Agreement of Nanban Realty MGR LLC dated April 7, 2021, the member is Orion RE

Capital LLC and the managers are Shivesh Gowda, Suresh Batchu, and Prasanna Kumar. (Exh. A-7).

Defendant Sakthivel Palani Gounder testified that he, Mr. Krishana, and Mr. Shanmugan "decided to come out" of the entity and are no longer involved in it. (Dkt. # 1, Exh. 45, APP 576, at 241:3 – 242:3). In addition, Defendant Manivannan Shanmugan testified that the "Nanban Realty" entity "was a very short lived joint venture" and that he, Mr. Gounder, and Mr. Krishan got out early. (Dkt. # 1, Exh. 46, APP 588, at 139:22 – 140:7). Mr. Shanmugan also testified that he, Mr. Gounder, and Mr. Krishnan do not receive any compensation or profits from the Nanban Realty entity, they do not maintain any bank accounts for the Nanban Realty entity, and they do not have any involvement with it. (*Id.* at 137:11 – 139:21).

Mr. Gounder's and Mr. Shanmugan's testimony is consistent with the declaration of Prasanna Kumar. Mr. Kumar, a manager of Nanban Realty MGR LLC, stated in a declaration dated September 28, 2023 that the SEC submitted to the Court as follows: "…on or about May 2021, I removed GK, Gounder, and Shanmugan as managers of Nanban Realty Manager. GK, Gounder, and Shanmugan are no longer affiliated with Nanban Realty or Nanban Realty Manager." (Dkt. # 1, Exh. 3, APP 72, at ¶14).

> 4. <u>If the GPR Property is Subject to the Asset Freeze Order, Movant Requests that the Court lift the Order to Allow the Sale; if the GPR Property is not Subject to the Asset Freeze Order, then Movant seeks a Court Order to Allow the Sale to Proceed</u>.

In light of Defendants' prior involvement in Nanban Realty MGR LLC, a portion of the funds that were invested in GPR LLC are associated with Defendants or entities they control. The rest of the funds invested did not originate from Defendants or any Defendant-controlled entities. For purposes of effectuating the relief sought, it is not necessary for the Court to determine whether or not the GPR Property is subject to the Asset Freeze Order because the parties have agreed that

all proceeds of the sale of the GPR Property will be held in an escrow account pending further instruction from the Court.

In advance of the sale closing, Movant will provide an accounting of the investments in GPR LLC and the calculation of investor returns pursuant to the GPR LLC Agreement, so that the Receiver and all parties can verify the information. Movant will seek Court approval for, or alternatively request that the Court lift the asset freeze, in relation to any future transfers of the proceeds of the GPR Property Sale. All interested parties reserve and do not waive their rights to their respective shares of the proceeds held in escrow, which will be determined as promptly as possible after the sale closes.

        C.        **The Proposed GPR Property Sale Transaction**

In early 2024, GPR LLC identified a buyer for the GPR Property, non-party Centurion American Acquisitions, LLC ("Centurion.") Centurion executed a written asset purchase agreement dated April 5, 2024 to purchase the GPR Property for $72 million. (Singhania Dec. at ¶9, Exh. A-8). In June 2024, Vijay Borra ("Mr. Borra"), expressed interest in the GPR Property. Subsequently, Mr. Borra obtained an assignment from Centurion of the asset purchase agreement. The GPR Property sale was expected to close by September 4, 2024. (*Id.* at ¶9). On July 9, 2024 and July 11, 2024, counsel for Defendants sent letters to Mr. Singhania, Mr. Borra, and the title companies asserting that the sale should not proceed because Court approval had not been obtained. (Singhania Dec. at ¶12, 14 Exhs A-9, A-13). Mr. Borra then advised that he would not move forward with acquiring the GPR Property. (Singhania Dec. at ¶13, Exh. A-10).

In the weeks since counsel for Defendants sent the letters referenced above, GPR Manager LLC and its real estate broker have engaged in extensive negotiations with Mr. Borra's real estate broker and with Mr. Borra. (Singhania Dec. at ¶15). As a result, Mr. Borra has re-committed to

purchase the GPR Property for the same purchase price of $72 million through his entity Celina Seven Springs 50, LP.  The Closing Date for the transaction is "the latter of (a) October 23, 2024 or (b) 45 days after the Title Company receives an order from a court of competent jurisdiction approving the right of Seller or its principals or agents to sell the Property…"  (*Id*. at ¶15, Exh. A-14 at 2).  If the Seller is not successful in obtaining such an order, then the contract terminates.  (*Id*.)

This transaction allows for the mortgage to be paid off in full and it gives the individuals and entities who made contributions a return on their investment.  In addition, this transaction benefits the Receivership Estate.  The proceeds of the sale, after the mortgage loan and closing and broker fees are paid, will be held in an escrow account pending further instruction from the Court.

**III.   THE COURT SHOULD GRANT THE MOTION TO ALLOW THE SALE TO PROCEED, OR IN THE ALTERNATIVE TO LIFT THE ASSET FREEZE TO ALLOW THE SALE, AS THE MOST EQUITABLE OUTCOME**

The buyer, Celina Seven Springs 50 LP, is prepared to acquire the GPR Property for $72 million.  GPR LLC does not have any separate on-going business dealings or relationship with Mr. Borra and the purchase price is for fair market value - this is an arm's length deal.  (Singhania Dec. ¶15).  GPR LLC and Celina Seven Springs 50 LP have executed an Amendment to the Purchase and Sale Agreement stating that the transaction will close within 45 days of the Court issuing an order approving the sale.  (Exh. A-14).

GPR LLC has entered into contract with a well-known real estate developer to acquire the GPR Property for $72 million.  The buyer is fully committed: the earnest money deposit of $200,000 has become non-refundable and was released to GPR LLC, with an additional non-refundable $500,000 to be deposited within 5 business days of a Court order approving the sale, and the closing to occur 40 days after that.

This motion respectfully requests that the Court approve the proposed sale of, or alternatively lift the asset freeze in order to allow, the sale of the GPR Property to Celina Seven Springs 50, LP for $72 million. The SEC, the Receiver, and the Defendants have confirmed their non-opposition to the Motion. All interested parties reserve and do not waive their rights to their respective shares of the proceeds held in escrow, which will be determined as promptly as possible after the sale closes.

DATED: October 1, 2024

Respectfully Submitted,

By: */s/ Elizabeth S. Balfour*
William B. Mateja
TX State Bar No. 13185350
bmateja@sheppardmullin.com
Amanda L. Cottrell
TX State Bar No. 24064972
acottrell@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, Texas 75201
Telephone: 469.391.7400
Fax: 469.391.7401

Elizabeth S. Balfour
CA State Bar No. 213994
ebalfour@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA 92130

**ATTORNEYS FOR GAURANGA PLATINUM RANCH LLC**

## CERTIFICATE OF SERVICE

I hereby certify a copy of the above and foregoing has been served upon all counsel of record by using the Court's electronic filing system on October 1, 2024.

*/s/ Elizabeth S. Balfour*
Elizabeth S. Balfour

## CERTIFICATE OF CONFERENCE

On September 19, 2024, counsel for third-party Gauranga Platinum Ranch LLC ("GPR LLC's counsel") participated in a conference via Zoom (with audio and video) with Mr. Edney and Ms. Sherrill (counsel for Defendants), Mr. Reinsch and Mr. Bernstein (counsel for the SEC), Mr. Box (the Receiver), and Mr. Davis (counsel for the Receiver). On September 19, 2024, counsel for third-party Gauranga Platinum Ranch LLC ("GPR LLC's counsel") participated in a conference via Zoom (with audio and video) with Mr. Edney and Ms. Sherrill (counsel for Defendants), Mr. Reinsch and Mr. Bernstein (counsel for the SEC), Mr. Box (the Receiver), and Mr. Davis (counsel for the Receiver).  During that conference, counsel for the Parties requested to review a copy of the Motion for the Court to allow the sale of the GPR Property to proceed, or alternatively for the Court to lift the asset freeze to allow the sale of the GPR Property.  The Motion was shared with counsel on September 24, 2024, and a revised version of the Motion was shared with counsel on September 27, 2024.  The Receiver informed Movant the Receiver does not oppose the relief sought in the Motion, and that the Receiver is continuing its investigation, so cannot opine on the accuracy of the facts in the Motion.  The SEC informed Movant that it does not oppose the relief sought in the Motion, and aligns with the Receiver's position.  The individual Defendants do not oppose the narrow relief sought in this Motion, while disagreeing with several aspects of the factual recitation.