UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| v. | § § § | CIVIL NO. 4:23-CV-885-SDJ |
| GOPALA KRISHNAN, *et al*. | § | |

**RECEIVER'S RESPONSE TO FIRST UNITED BANK'S AMENDED MOTION TO (I) LIFT ASSET FREEZE, (II) SELL PROPERTY, AND (III) APPLY FUNDS IN THE INTEREST RESERVE ACCOUNT**

Pursuant to the Court's December 5, 2025, Order (Dkt. #329), the Receiver provides this response to First United Bank's ("FUB") Amended Motion to (I) Lift Asset Freeze, (II) Sell Property,[1] and (III) Apply Funds in the Interest Reserve Account (Dkt. #330).

As discussed during the December 5, 2025 hearing, FUB and the Receiver have worked diligently to solicit offers on the Property since the original buyer backed out of its offer to buy the Property for $39 million. Despite these diligent efforts, the best current contract to purchase the Property is $35 million. This amount would only leave $247,613 in the interest reserve account for the Receivership Estate. Motion at 4. However, as FUB notes in the Motion and as discussed at the hearing, another potential purchaser has submitted a letter of intent at a purchase price of $39 million. A purchase at that price would yield the full $1.4 million for the Receivership Estate,

---

[1] The definition of "Property" to include, in addition to the 403 acres of real property as more particularly described in that certain (i) Deed Without Warranty, dated December 12, 2024, and recorded under Clerk's File Number 2024099497, in the Real Property Records of Williamson County, Texas, (ii) all personal property and intangible property rights, including but not limited to leases, licenses, contracts, agreements, permits, rents, profits, approvals, dedications, entitlements (including but not limited to any rights related to the East Williamson County Municipal Utility District No. 1 "MUD," the MUD director deeds of trusts and notes, and the Facilities and Operating Costs Reimbursement Agreement), and deposits, as more particularly described in that certain Quitclaim Assignment of Leases, Contracts, and Intangible Property, dated December 12, 2024, and the Quitclaim Bill of Sale, dated December 12, 2024.

4932-9818-1503.1

as initially negotiated and submitted for approval in connection with the original motion to sell the Property.

The Receiver acknowledges the difficulties created by the downturn in the Greater Austin market—and asks the Court to approve the payment framework submitted by FUB in the Motion. That framework provides that the Receiver will receive, at a minimum, the $247,613.30 balance of the interest reserve account.[2] If a contract in excess of $36 million is obtained, the Receiver will receive additional funds as a result of the excess of the purchase price above $36 million, up to the $1.4 million previously negotiated. *See* Motion at 3.[3]

The Receiver takes issue only with the timeline proposed by FUB: which would extend the time for a contract to be negotiated through December 12, 2025. Motion at 3. The Receiver is concerned that this will not be enough time to negotiate a contract with the party that submitted the letter of intent, or any other buyer. Accordingly, the Receiver asks that this timeline be extended to January 7, 2026—30 days from the date of this filing.

Respectfully submitted this 8th day of December 2025.

**GRAY REED**

By: */s/ Chris Davis*
Chris Davis
State Bar No. 24050483
Amber Carson
State Bar No. 24075610
Cahill Maffei

---

[2] This disposition of the interest in full to the Receiver is consistent with case law holding that in a situation like this, interest should be forfeited to the receiver—to avoid the inequitable result where the bank receives interest while the investors will not receive their principal back. *See, e.g.*, *SEC v. Equitybuild, Inc.*, No. 18 CV 5587, 2024 WL 3069682, at *6 (N.D. Ill. June 20, 2024) (ordering that secured lenders forfeit penalties, interest, and fees to the receiver and citing numerous cases holding the same).

[3] As the Receiver understands FUB's proposal, the Receiver is entitled to $247,613.30 under any circumstances—which is what the Receiver is agreeing to. Therefore, in the interest of clarity, the Court may alternatively state that the Receiver will be entitled to receive $247,613.30 plus any amount in excess of $36 million—up to $1.4 million. For instance, if a contract comes in for $36.1 million, the Receiver would receive $347,613.30—not only $100,000, which would be less than he would receive on a $35 million contract.

4932-9818-1503.1

        State Bar No. 24143709
        Suhani J. Patel
        State Bar No. 24145051
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Tel:    (214) 954-4135
Fax:   (214) 953-1332
Email:  cdavis@grayreed.com
           acarson@grayreed.com
           cmaffei@grayreed.com
           spatel@grayreed.com

**ATTORNEYS FOR RECEIVER ANTHONY BOX**

## Certificate of Service

    The undersigned hereby certifies that on the 8th day of December 2025, he caused a true and correct copy of the foregoing document to be served via the Court's CM/ECF system.

        */s/ Chris Davis*
        Chris Davis

4932-9818-1503.1